UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TREVON M LATCHINSON,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, SHERIFF KEVIN
MCMAHILL, OFFICER ROSE, STATE OF
NEVADA,

Defendants.

Case No. 2:25-cv-02210-APG-EJY

**ORDER**
**and**
**REPORT and RECOMMENDATION**

Pending before the Court are Plaintiff's Complaint (ECF No. 1-1) and two Applications to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 3. The IFP Application at ECF No. 1 is complete and granted below. The second IFP Application is denied as moot. With respect to Plaintiff's Complaint, the Court grants Plaintiff one opportunity to amend what appears to be a Fourth Amendment excessive force claim. The Court otherwise recommends Plaintiff's Complaint against certain Defendants be dismissed with prejudice and the malicious prosecution claim be dismissed without prejudice, but without leave to amend.

**I.     Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them

1

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   Plaintiff's Complaint

On September 30, 2025, Plaintiff's brother "pulled a gun on their mother" and LVMPD responded to the scene. ECF No. 1-1 at 4. Plaintiff says he was a bystander to the incident and complied when LVMPD officers instructed him to exit the house with his hands in the air. *Id*. While lying on the ground in handcuffs, Plaintiff alleges Officer Rose picked him up and then repeatedly slammed Plaintiff's head onto the hood of a police car. *Id*. As a result of the head-slamming, Plaintiff says paramedics transported him to UMC for treatment. *Id*. At some point, Officer Rose issued Plaintiff a citation for giving a false statement to a public officer. *Id*.

Plaintiff alleges he is facing prosecution—and potential jail time—over the September 30, 2025 incident. *Id*. Plaintiff says the State of Nevada initiated a case against his brother for the domestic dispute and has sought their mother's testimony. *Id*. However, the State has been unable to convict Plaintiff's brother because there are no witnesses willing to testify. *Id*. Plaintiff alleges that because the State is unable to convict his brother, the State has retaliated against Plaintiff by "maliciously prosecut[ing]" him. *Id*. Liberally construed, Plaintiff appears to allege he is being discriminatorily prosecuted because he is a gay black man. *Id*.

**III.    Discussion**

> a.    <u>Sovereign Immunity Bars Plaintiff's Claims Against the State of Nevada.</u>

Plaintiff can raise no 42 U.S.C. § 1983 claims against the State of Nevada as Eleventh Amendment sovereign immunity bars such actions. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of Section); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity). The Court recommends Plaintiff's claims against the State of Nevada be dismissed with prejudice.

> b.    <u>Plaintiff's Claim for Money Damages Against Defendants Acting in Their Official Capacity is Barred as a Matter of Law.</u>

Plaintiff seeks monetary damages against Officer Rose and Sheriff Kevin McMahill in their official capacities. ECF No. 1-1 at 2-3, 5. The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). Therefore, section 1983 claims for money damages cannot be maintained against Nevada state officials or employees in their official capacities. *N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728, 732 (Nev. 1991). For this reason, the Court recommends dismissing as futile, and therefore with prejudice, all of Plaintiff's official capacity claims seeking money damages for past harms allegedly caused by Officer Rose and Kevin McMahill. *Festa v. Sandoval*, Case No. 2:17-cv-00850-APG-NJK, 2020 WL 2114358, at *5 (D. Nev. May 4, 2020) (denying a plaintiff leave to amend to add a futile section 1983 claim for money damages against defendants in their official capacities).

c.      <u>Plaintiff Cannot State a Claim for Malicious Prosecution</u>.

To state a malicious prosecution claim, Plaintiff must allege the defendant prosecuted him with malice and without probable cause for the purpose of denying him equal protection or other constitutional rights. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal citations omitted). Further, Plaintiff "must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Id*. at 1068 (citing *Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994) (additional citations omitted). Plaintiff alleges he is facing current prosecution and potential jail time; thus, proceedings have not yet terminated in a manner that indicates his innocence. Hence, Plaintiff does not state a malicious prosecution claim. And, for this same this reason, the Court finds amendment of this claim is futile at this time. There is no set of facts Plaintiff can allege that will cure the deficiency while his prosecution is ongoing.

The Court recommends Plaintiff's malicious prosecution claim be dismissed without prejudice but without leave to amend in this case. If proceedings end in a way that indicate Plaintiff's innocence, this Order does not preclude Plaintiff from initiating a new lawsuit and alleging facts to state a malicious prosecution claim.

d.      <u>Plaintiff's List of Violations, Unsupported by Any Facts, Do Not State Cognizable Claims</u>.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). Plaintiff avers the following alleged violations of law:

> 5th Amendment right to remain silent, Violation of Due Process Rights, Abuse of Power, Abuse of Force, Discrimination against Protected Class as a gay black man, Malicious Prosecution, Inflicting stress and duress by means of physical assault while acting in official capacity, Prosecutorial Misconduct, Harassment.

ECF No. 1-1 at 3. However, Plaintiff does not connect these claims to any Defendant or described conduct in the complaint, other than, potentially, Officer Rose. As *Twombly* sets forth, Plaintiff

must provide more than just labels stating unidentified defendants violated the Constitution. 550 U.S. at 555. Thus, the Court recommends all of Plaintiff's claims listed in his Complaint at page 3 be dismissed as failing to state a claim against all Defendants except Officer Rose.

Moving to the allegations against Officer Rose, the Court finds, when liberally construed, Plaintiff may be attempting to state a Fourth Amendment excessive force claim. This claim is not necessarily futile. Plaintiff must, if he so chooses, replead this claim against Officer Rose in his individual capacity. Plaintiff must also plead facts that flesh out an excessive force claim.

Excessive force claims during an arrest, seizure, or investigatory stop fall under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394-395 (1989). "Excessive force claims require (1) a seizure and (2) excessive force" to be adequately pled. *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024). Whether the force used during the seizure was excessive is governed "by the Fourth Amendment's reasonableness standard." *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014) (internal citation and quote marks omitted). This "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (internal quotations omitted). The test is applied from the perspective of "a reasonable officer on the scene" without the benefit of hindsight. *Id.* at 775. Objective reasonableness turns on the "facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (citation omitted). Thus, courts must make this determination "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citations omitted). Although not exclusive, the Supreme Court has identified the following factors a court may consider when determining the reasonableness of the force used: (1) "the relationship between the need for the use of force and the amount of force used"; (2) "the extent of the plaintiff's injury"; (3) "any effort made by the officer to temper or to limit the amount of force"; (4) "the severity of the security problem at issue"; (5) "the threat reasonably perceived by the officer"; and (6) "whether the plaintiff was actively resisting." *Id.*

Here, Plaintiff alleges police ordered him to exit the house with his hands in the air—an order with which he complied. ECF No. 1-1 at 3. Plaintiff next alleges that while he was lying on the

ground in handcuffs, Officer Rose picked him up and slammed his head on the hood of the police vehicle. *Id*. Even if these facts may help support an excessive force claim, they are insufficient to allow the Court to conclude a facial violation of the Fourth Amendment's prohibition against excessive force. Plaintiff does not allege any facts regarding what occurred before he was ordered out of the house or what occurred after he was ordered out of the house and when he was handcuffed on the ground. Plaintiff says nothing about what was going on around him or whether he resisted or otherwise acted in a manner that would justify the force allegedly used.

For each and all of the reasons stated above, Plaintiff's excessive force claim against Officer Rose in his individual capacity is dismissed without prejudice and with one opportunity to amend.

## IV. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 3) is DENIED as duplicative and, therefore, moot.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

IT IS FURTHER ORDRED that Plaintiff's Fourth Amendment excessive force claim against Officer Rose is dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that Plaintiff's listed, yet wholly unsupported claims including a Fifth Amendment right to remain silent, violation of due process rights, abuse of power, discrimination against protected class as a gay black man, inflicting stress and duress by means of physical assault while acting in official capacity, prosecutorial misconduct, and harassment be dismissed without prejudice as failing to state such claims. Plaintiff is advised that if he seeks to assert any of these claims in an amended complaint he must state each claim separately; each claim must be supported by facts establishing the elements of the claim asserted; and each claim must identify who engaged in the conduct that allegedly violated his rights.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **February 27, 2026**. The amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts Plaintiff wishes to assert must be stated

in the amended complaint. Plaintiff should not include in the amended complaint claims that are recommended for dismissal below.

IT IS FURTHER ORDERED that failure to file an amended complaint in compliance with the terms of this Order will result in a recommendation to dismiss this matter in its entirety.

**V.      Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims against the State of Nevada, and Sheriff Kevin McMahill and Officer Rose in their official capacities be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Malicious Prosecution Claim be dismissed without prejudice and without leave to amend. Plaintiff may initiate a new lawsuit and set forth facts sufficient to state a claim for malicious prosecution once proceedings have ended in a manner indicating his innocence. If Plaintiff chooses to file a new suit, he is advised that he must clearly identify the claims he seeks to assert, the defendants against whom each claim is brought, and a short and plain statement of facts that demonstrate the defendant violated Plaintiff's rights.

DATED this 28th day of January, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).