UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TREVON M LATCHINSON,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al,

Defendants.

Case No. 2:25-cv-02210-APG-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's First Amended Complaint ("FAC"). ECF No. 10. Plaintiff's Application to Proceed *in forma pauperis* ("IFP") was granted on January 29, 2026. ECF No. 5. The Court screened Plaintiff's initial Complaint and dismissed it with one opportunity to amend. *Id.* at 6. Plaintiff's FAC repleads his excessive force claim and adds claims for violations of the Civil Rights Act of 1964, 18 U.S.C. 242, and NRS 200.460. ECF No. 10 at 6-8. The Court finds as follows.

## I. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Plaintiff's FAC**

Plaintiff alleges that on July 30, 2025, his mother called 911 after his brother aimed a gun at her during a fight. ECF No. 10 at 2. According to Plaintiff, his mother provided the 911 operator with a physical description of his brother, the aggressor, which is significant because Plaintiff says the two differ in appearance. *Id*. at 5. Plaintiff submits he was a bystander to the event but was handcuffed by Officer Rose alongside his brother. *Id*. at 2, 5. Plaintiff says his mother repeatedly told the responding LVMPD officers that Plaintiff was not involved in the incident. *Id*. at 2. Nevertheless, Officer Rose allegedly kept Plaintiff handcuffed and searched him. *Id*. During the search, Officer Rose allegedly slammed Plaintiff's head onto the hood of a police car. *Id*. at 2-3. As a result of the head-slam, Plaintiff submits he was taken to UMC for treatment. *Id*. Plaintiff notes that he was left in handcuffs until the paramedics arrived to transport him to UMC. *Id*. at 6. Plaintiff clarifies that as a result of the incident, he received a citation for "obstruction and/or providing a false statement" to a police officer. *Id*. at 3. Overall, Plaintiff alleges that he was detained, searched, and assaulted by Officer Rose because of his animosity against gay black men, such as Plaintiff. *Id*. at 6, 7-8.

**III. Discussion**

A. Plaintiff States Fourth Amendment Claims for an Unlawful Arrest.

A claim for false arrest under § 1983 requires Plaintiff to plead that he was arrested without probable cause. "Probable cause exists when there is a fair probability or substantial chance of criminal activity ... based upon the totality of the circumstances known to the officers at the time of the arrest." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) (cleaned up); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012). A probable cause arrest occurs when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested. *Beck v. Ohio,* 379 U.S. 89, 91 (1964).

"A law enforcement officer may stop and question any person, for any reason, as long as that person 'remains free to disregard the questions and walk away.'" *United States v. Malone*, 886 F.2d 1162, 1164 (9th Cir. Sept. 28, 1989) (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (opinion of Stewart, J.); *United States v. Ayarza*, 874 F.2d 647, 650 (9th Cir.1989)). An officer does not violate the fourth amendment by merely approaching an individual and asking him questions if the individual is willing to listen. *Florida v. Royer*, 460 U.S. 491, 497 (1983). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968).

Here, the Court is faced with the question of whether Plaintiff was subject to a *Terry* stop or an arrest. Given this question the Court must consider the totality of the circumstances "including the 'severity of the intrusion, the aggressiveness of the officer's actions, and the reasonableness of the officer's methods.'" *United States v. In*, 124 F.4th 790, 794–95 (9th Cir. 2024); *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 940 (9th Cir. 2020) (same). Plaintiff does not allege he was actually arrested. Nonetheless, the Court may find an arrest occurred "if, under the circumstances, a reasonable person would conclude that he was not free to leave after brief questioning." *United States v. Miles*, 247 F.3d 1009, 1012 (9th Cir. 2001). A liberal review of Plaintiff's FAC suggests

he was placed in handcuffs soon after law enforcement arrived and he was kept in handcuffs until paramedics arrived to transport him to UMC. While in handcuffs, Plaintiff was not free to leave the scene. Nonetheless, it does not appear that Plaintiff was placed in a police vehicle, transported to a police station, or booked into custody.

Under the totality of the facts alleged, the Court finds the fact that Plaintiff was handcuffed, which certainly communicated he was not free to leave, is sufficient to find Plaintiff states a facial claim that he was under arrest. *Washington v. Lambert*, 98 F.3d 1181, 1188 (9th Cir. 1996) (quoting *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982) *cert. denied* 459 U.S. 1211 (1983) (further citations omitted) ("handcuffing substantially aggravates the intrusiveness of an otherwise routine investigatory detention and is not part of a typical *Terry* stop."). Further, the information provided to law enforcement before they arrived and by Plaintiff's mother once they were on the scene supports a facial claim that a person of reasonable caution would not believe that Plaintiff had committed an offense or was about to do so.

B. <u>Plaintiff States an Excessive Force Claim</u>.

Courts analyze excessive force claims under the Fourth Amendment, which guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV; *Graham v. Connor*, 490 U.S. 386, 395 (1989). The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham*, 490 U.S. at 395 (internal citations omitted) (emphasis in original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397. In determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive "*Graham* factors": (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011)

(internal citation and quotation marks omitted). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted) ("*Bryan*").

Plaintiff alleges he was cooperative with the responding LVMPD officers, including Officer Rose, but was handcuffed and left in handcuffs, after his mother explained that Plaintiff did not point the gun at her. *Id*. at 2. Despite his mother's averment Officer Rose searched Plaintiff and allegedly slammed his head onto the hood of a police car. The Court finds the totality of the facts, as alleged, are sufficient to state a facial excessive force claim against Officer Rose.

C. <u>Plaintiff Fails to State a Failure to Intercede Claim</u>.

"Police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Solis v. Cnty. of Stanislaus*, Case No. 1:14-CV-00937-BAM, 2015 WL 5834279, at *3 (E.D. Cal. Oct. 2, 2015) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). That said, "officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d at 1289 (citations omitted).

Plaintiff alleges that the other responding LVMPD officers "failed to intervene and allowed their co-worker and fellow officer, defendant Officer Rose, to abuse his power and authority," by keeping Plaintiff handcuffed and slamming his head during the process of the search. ECF No. 10 at 7-8. This allegation, however, is insufficient to allow even a Doe defendant to respond to Plaintiff's FAC. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Dep't of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). The Court appreciates that at this stage, Plaintiff may not know the names of the other responding officers.

Plaintiff's failure to intercede claim is dismissed without prejudice and with leave to amend. Any amendment must allege some facts demonstrating the officers who failed to intercede had an opportunity to intercede, but did not. Plaintiff should also make an effort to provide any information

he can to identify the officers on the scene at the time of the conduct in which Officer Rose is alleged to have engaged.

D. Plaintiff Does Not State an Equal Protection Claim.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (cleaned up). Here, Plaintiff alleges that he was discriminated against on the basis of his race and sexual preferences. ECF No. 10 at 6. The Court construes this allegation as arising under the Equal Protection Clause of the Fourteenth Amendment rather than the Civil Rights Act of 1964, which does not apply to the circumstances described by Plaintiff.

To state an Equal Protection claim, a plaintiff must allege facts demonstrating "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)). Further, to state an Equal Protection claim, a plaintiff must allege facts demonstrating "that he was treated differently from others similarly situated and that any alleged unconstitutional actions were taken against him *because of* his membership in a protected class. Plaintiff must also explain *how* he was treated differently." *Hason v. Beck*, Case No. CV 13–3274–SVW (JPR), 2013 WL 6732672, at *4 (C.D. Cal. Dec. 19, 2013) (emphasis in original).

Here, Plaintiff's "[r]ace and sexual orientation are identifiable classes for equal protection purposes." *Neil v. Modesto City Schs. Dist.*, Case No. 1:17-CV-0256-LJO-SKO, 2018 WL 573368, at *4 (E.D. Cal. Jan. 26, 2018) (collecting cases). However, and despite identifying his protected characteristics, Plaintiff pleads no actions, inactions, or language supporting the inference that Officer Rose's intent or purpose was to treat him disfavorably based on his race or his sexual orientation. Instead, Plaintiff concludes he was left in handcuffs, and eventually searched because

Officer Rose, and the other responding LVMPD Officers, "were racist and homophobic." ECF No. 10 at 8. This conclusion is insufficient to state a claim. *See Hason*, 2013 WL 6732672, at *4 ("Simply stating that [plaintiff] was…gay is not enough."). There are also no facts pleaded that demonstrated similarly situated individuals outside Plaintiff's protected class were treated more favorably than him. Plaintiff's equal protection claim is dismissed without prejudice and with one opportunity to amend to allege facts demonstrating intentional discrimination.

E. <u>The Court Recommends Plaintiff's Statutory Claims Be Dismissed with Prejudice</u>.

Plaintiff's FAC cites NRS 200.460 and 18 USC § 242 as providing a cause of action; however, the Court finds neither statute to be applicable to his suit. "NRS 200.460 is a criminal statute which makes false imprisonment a felony but does not create a civil cause of action." *Sykes v. Las Vegas Metropolitan Police Dept.*, Case No. 2:21-cv-01479-RFB-DJA, 2021 WL 5799381, at *4 (D. Nev. Dec. 3, 2021). Similarly, 18 USC § 242 is a criminal statute that does not provide a private right of action. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Because neither statute provides a private right of action, the Court recommends these claims be dismissed with prejudice.

## IV. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Unlawful Arrest and Excessive Force Claims against Officer Rose may proceed.

IT IS FURTHER ORDERED that Plaintiff's Failure to Intercede claim against unidentified LVMPD Officers and Equal Protection claim against Officer Rose are DISMISSED without prejudice and with leave to amend as explained above.

IT IS FURTHER ORDERED that the Clerk of Court **must** send one copy of this Order, Plaintiff's FAC, the Notice of Lawsuit and Request to Waive Service of Summons together with the Waiver of Service of Summons form (attached as Exhibit 1) to the General Counsel's Office at Las Vegas Metropolitan Police Department at m16091c@lvmpd.com and claims@lvmpd.com.

The General Counsel's Office **must**, within 21 days of the issuance of this Order, file a notice advising Plaintiff and the Court whether it will accept service on behalf of Defendant Officer Rose.

If the General Counsel's Office accepts service of process for Officer Rose, they must file and serve an answer or other response no later than 60 days after the date of acceptance.

IT IS FURTHER ORDERED that Plaintiff's Failure to Intercede and Equal Protections claims are DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **September 23, 2026**. The amended complaint must be titled "SECOND AMENDED COMPLAINT" and must be complete—meaning all facts and claims Plaintiff wishes to assert, including his Equal Protection claim against Officer Rose, must be stated in the second amended complaint. Failure to include a claim in an amended complaint, even one that is allowed to proceed through this Order, will result in that claim no longer proceeding because the amended complaint supersedes—completely replaces—the original Complaint.

IT IS FURTHER ORDERED that if Plaintiff **chooses not to file a second amended complaint**, his FAC will be the operative complaint and claim against Officer Rose will proceed.

## V. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's NRS 200.460 and 18 USC § 242 claims be dismissed with prejudice. Any amendment would be futile as these are criminal statutes that do not provide a civil private right of action.

Dated: this 24th day of August 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TREVON M. LATCHINSON,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, SHERIFF KEVIN MCMAHILL, OFFICER ROSE, STATE OF NEVADA

Defendants.

Case No. 2:25-cv-02210-APG-EJY

**RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS**

TO: Defendant Officer Rose
c/o Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd., Bldg. B
Las Vegas, NV 89106

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the Amended Complaint (ECF No. 10) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the United States Marshals Service, Defendant waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendant must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served, and Defendant will have 60 days from the date this notice is sent to respond to the Amended Complaint. If Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and Amended Complaint on Defendant and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

Dated: August 24, 2026

ELAYNA J. YOUCHAH
UNITED STATES MAGISGRATE JUDGE

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and Amended Complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TREVON M. LATCHINSON,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, SHERIFF KEVIN MCMAHILL, OFFICER ROSE, STATE OF NEVADA,

Defendants.

Case No. 2:25-cv-02210-APG-EJY

**RULE 4 WAIVER OF SERVICE OF SUMMONS**

TO: The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case. Defendant(s) also received a copy of the Amended Complaint (ECF No. 10). I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

______________________________; ______________________________;

______________________________; ______________________________;

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date:___________________________

______________________________________
(Signature of attorney or unrepresented party)

______________________________________
Printed name
Address:_____________________________
Email Address:________________________
Telephone Number:____________________